THE STATE OF OHIO, APPELLEE, *v.* STEELE, APPELLANT.

(No. 162—Decided April 16, 1952.)

*Mr. Reeder C. Hutchinson,* for appellee.
*Mr. Edwin S. Diehl,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Defiance County, Ohio, affirming a judgment of conviction and sentence rendered by the Honorable G. J. P. Louys, a justice of the peace in and for Defiance township, Defiance county, Ohio.

In said justice court the appellant, Frank Steele, was charged with unlawfully operating a motor vehicle in and upon a certain street of the city of Defiance, Ohio, while the said Frank Steele was under the influence of alcohol and in actual physical control of said motor vehicle. He was found guilty as charged and sentenced to pay a fine of $100 and the costs of the proceeding in justice court amounting to $217. This is the judgment from which an appeal was taken to the Common Pleas Court of Defiance County and which was affirmed by that court.

The judgment of the Common Pleas Court, affirming the judgment of the justice court, from which the appeal is taken to this court is in the words and figures following, to wit:

"This cause came on for hearing upon the transcript and original papers of the justice of the peace court of G. J. P. Louys, the assignment of errors, the bill of exceptions and the briefs of the appellant-plaintiff in error and the appellee-defendant in error and was argued by counsel. On consideration whereof the court finds that the bill of exceptions was filed herein on December 1, 1951, and not within the time required by law. Therefore the court does not consider any assignment of error with reference to the amount of evidence or the weight and sufficiency thereof.

"The court finds there is no error apparent upon the record to the prejudice of the plaintiff in error-appellant.

"It is therefore considered by the court that the judgment of the justice court be and the same is hereby affirmed and that the defendant in error-appellee recover its costs herein expended. It is further ordered that a mandate be sent to the court of justice of the peace G. J. P. Louys to carry this judgment into execution. Exceptions saved.

"Counsel for plaintiff in error-appellant having indicated an appeal from the judgment of this court, bond is herewith set at $500."

Upon his appeal from the Common Pleas Court to this court the appellant assigns error in the following particulars:

"1. The court erred in denying defendant-appellant's motion to dismiss the affidavit herein at the conclusion of the testimony of sgt. S. E. Grant on December 8, 1950, the witness testifying as having no positive knowledge of the facts stated in the affidavit; and erred in denying defendant-appellant's motion to dismiss said affidavit at the conclusion of said trial for the reason that said sgt. S. E. Grant had no knowledge of the facts stated therein and did not see the alleged offense committed by the defendant-appellant to which rulings of the court the defendant-appellant excepted.

"2. The court erred in refusing to dismiss the complaint against the defendant-appellant for the reason there was insufficient evidence of the defendant-appellant's guilt of the offense charged in said affidavit.

"3. The court erred in finding the defendant-appellant guilty of the offense set forth in said affidavit.

"4. That the judgment of the court in finding de-

fendant-appellant guilty of said offense is not sustained by the evidence.

"5. That the Court of Common Pleas erred in dismissing defendant-appellant's petition in error on the grounds that the decision and order of the justice of the peace was not a final order.

"6. That the Court of Common Pleas erred in refusing to consider the sufficiency of the evidence on the grounds that the bill of exceptions was not filed in proper time as provided by law.

"7. The court erred in admitting evidence on behalf of the state of Ohio, over the objection of the defendant-appellant to which ruling of the court the defendant-appellant at the time excepted.

"8. The court erred in sustaining objections to testimony offered in behalf of the defendant-appellant to which ruling of the court the defendant-appellant excepted.

"9. All other errors manifest from the face of the record, the transcript and the bill of exceptions, to which rulings of the court the defendant-appellant excepted and which errors were prejudicial to the defendant."

It will be noted that all the errors assigned except specifications of error numbered 5, 6 and 9, are of such character that they may be exemplified only through resort to a bill of exceptions.

The record discloses that in addition to the appeal from the justice court to the Common Pleas Court wherein the judgment of conviction and sentence of the justice court was affirmed by the Common Pleas Court, appellant had previously filed an appeal from an order of the justice court overruling a motion to dismiss the affidavit against the appellant upon the ground "that the offense charged therein is a misdemeanor and the facts alleged in said affidavit, con-

stituting said offense, were not committed in the presence of said affiant or has he any positive knowledge concerning said facts as are alleged and sworn to in said affidavit.''

It is further disclosed by the record that this appeal was dismissed by the Common Pleas Court for the failure of the appellant to comply with and conform to the requirements of law with reference to the perfecting of the appeal and not upon the ground that the order appealed from was not a final order.

An inspection of the judgment of the Common Pleas Court from which the appeal now under consideration was taken discloses that the appeal from the judgment and sentence of the justice court was not dismissed upon the ground that the judgment appealed from was not a final order.

Assignment of error number 5 is therefore without basis or merit.

The record discloses that the assignments of error on the appeal from the judgment of conviction and sentence to the Common Pleas Court are substantially the same as the assignments of error upon the appeal from the judgment of the Common Pleas Court affirming the judgment of the justice court except that none of said assignments correspond with assignments numbers 5 and 6 upon the appeal from the Common Pleas Court to this court and that none of said assignments, except the one corresponding to assignment number 9 on the appeal to this court, can be exemplified without resort to a bill of exceptions, and that assignment number 9 may be exemplified either by resort to a bill of exceptions or by resort to the record exclusive of a bill of exceptions, or both.

Consequently, if the court erred in not considering the bill of exceptions, as charged in assignment of error number 6, such error was prejudicial to the appel-

lant as practically all the errors complained of could be reviewed only through a consideration of a bill of exceptions, and such error, if it existed, would require the reversal of the judgment.

As shown by the judgment entry of the Common Pleas Court, the court based its refusal to consider the bill of exceptions upon the ground that the bill of exceptions was filed ''on December 1, 1951, and not within the time required by law.''

The record shows that the judgment and sentence of the justice court was rendered and entered on the docket of said justice court on October 22, 1951.

Thus a period of forty days elapsed between the rendition and entry of the judgment appealed from and the filing of said bill of exceptions in the Common Pleas Court.

Whether this lapse of time precluded the Common Pleas Court from considering the bill of exceptions is dependent upon whether Section 13445-1 of the General Code relating generally to bills of exceptions in criminal cases is applicable to bills of exceptions in criminal cases in justice courts or whether bills of exceptions in criminal cases in justice courts are governed by the provisions of Sections 10359, 10360, 10361 and 10362 of the General Code relating specifically to bills of exceptions in justice courts which latter sections were enacted prior to the enactment of Section 13445-1.

The sections of the General Code mentioned are in the words and figures following, to wit:

''Section 13445-1. [Time of filing such bill.] If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions or objections thereto which the court shall sign, and it shall be made a part of the record and shall have like force and effect as in civil actions. If exceptions be taken

to the decision of the court overruling a motion for a new trial because the verdict is not sustained by sufficient evidence or is contrary to law, such bill must contain all of the evidence; but if the exceptions be to other ground than that the evidence is not sufficient or is contrary to law, the bill of exceptions need not contain all the evidence, but only so much thereof as may be necessary to properly present the alleged errors; provided in the latter case that the Court of Appeals or Supreme Court shall have authority to order a full transcript of the evidence if it deems the same necessary to a proper consideration of the case. The court shall fix the time within which such bill of exceptions or objections, shall be filed, which, in no case, shall be more than thirty days from the overruling of the motion for a new trial.''

''Section 10359. [Bill of Exceptions.] In all cases before a justice of the peace, mayor or police judge, whether tried by jury or the justice, mayor or police judge, either party shall have the right to except to the decisions of the justice, mayor or police judge, upon any matters of law arising in the case.

''Section 10360. [Exceptions, when to be presented.] The party objecting to the decision must except at the time it is made and shall have ten days from the date of overruling the motion for a new trial, if such motion be made, or from the date on which the decision, judgment or sentence of the justice, mayor or police judge is entered to reduce his exceptions to writing and present them to the said court.

''Section 10361. [Grounds of objection in entry.] If the decision objected to is entered on the record and the grounds of the objection appear in the entry, the exception may be taken by the party causing to be noted at the end thereof that he excepts. But when the decision is not entered on the record or the grounds

of the objection do not sufficiently appear in the entry, or exception is to the decision of the court on a motion to direct a non-suit or to arrest the testimony from the jury, or for a new trial because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce this exception to writing, and present it to the trial justice, mayor or police judge, or his successor, within the time above limited.

"Section 10362. [Incorrect bill.] If such bill of exceptions be not correct he shall make the necessary corrections therein within three days after it is so presented, and when correct must sign and file it with the papers in the case, note such signing and filing in his docket, and transmit the bill with the transcript of his docket and original papers, within ten days of the date of such signing, to the clerk of the Court of Common Pleas, who must file and enter it upon his trial docket as in other cases."

The Supreme Court has decided that the last four sections of the General Code mentioned apply to criminal as well as civil cases. *State* v. *Ransick,* 62 Ohio St., 283, 56 N. E., 1024.

Although we have made diligent search we have not found any reported cases directly holding that the last four General Code sections mentioned govern bills of exceptions in criminal cases in justice courts to the exclusion of Section 13445-1 of the General Code, but we have found a decision by the Supreme Court of Ohio in which the reasoning is such that we are forced to the conclusion that bills of exceptions in criminal cases in justice courts are governed by said sections to the exclusion of Section 13445-1 of the General Code.

The decision we refer to is in the case of *Henrich* v. *Hoffman, Judge,* 148 Ohio St., 23, 72 N. E. (2d), 458.

The question involved in that case was whether a section of the General Code incorporated in the act creating the Municipal Court of Massillon relating to the filing of bills of exceptions in said court in criminal cases, adopted prior to the enactment of Section 13445-1, governed the filing of such bills of exceptions to the exclusion of Section 13445-1 of the General Code.

That question was decided in the affirmative by the Supreme Court.

The reasoning upon which said decision is based appears in the opinion on pages 26 and 27 of volume 148 of the official Ohio State reports and is embodied in paragraphs 2, 3 and 4 of the headnotes in 72 N. E. (2d), 458, which read as follows:

"2. Repeals of statutes by implication are not favored by law, especially where the statutes involved are a special and a general statute.

"3. Where a general statute, covering same field as an earlier special statute, is enacted, the special statute is ordinarily an exception to general statute, and only where terms of the two statutes are irreconcilable or where legislative intent is clear that repeal was intended, does the later general statute repeal the earlier special statute.

"4. General statute allowing 30 days after overruling of motion for new trial for presentation of bills of exception for signature, does not repeal by implication special statute requiring that bill of exceptions shall be filed with clerk of Municipal Court of Massillon within 20 days after rendition of judgment. General Code Sections 1579-440a, 13445-1."

It will be noted that the General Code sections last mentioned, among other things, prescribe that the party objecting shall have ten days from the date on which the decision, judgment or sentence of the justice is entered to reduce his exceptions to writing and

present them to said court; that, thereafter, if the bill of exceptions is incorrect, the justice shall make the necessary corrections therein within three days after it is so presented, and when correct the justice must sign it and transmit it within ten days of the date of such signing to the clerk of the Court of Common Pleas, who must file and enter it upon the trial docket as in other cases.

Under these provisions it is the duty of the justice to correct the bill within three days after it is presented to him and when correct to sign same and it is his ministerial duty to transmit the same to the clerk of the Court of Common Pleas within ten days of the date of such signing. No duty devolves upon the exceptor to see that the bill of exceptions is corrected within the period mentioned or that it is filed with the papers in the case or that the filing thereof is noted upon the docket of the justice or that said bill is transmitted to the clerk of the Common Pleas Court within the period prescribed.

In the instant case the certificate of the justice of the peace at the end of the bill of exceptions is in substantially the proper form except that it is not dated and the blanks in the certificate are not filled out, so that the certificate does not disclose the number of days after judgment or sentence within which the bill was presented to said court; nor does it show the date upon which the bill of exceptions was received by said court, or the date of allowance thereof.

The signing and filing of the bill of exceptions is not noted on the docket of the justice.

It does not appear either from the bill of exceptions or from the record of the case in justice court that the justice has demanded his fees for the bill of exceptions and that they were not paid.

The rule that when any judicial or official act is

shown to have been done in a manner substantially regular it will be presumed that formal requisites for its validity were complied with, applies to the action of the trial judge in the allowance and signing of a bill of exceptions and to its further action in ordering the same to be made part of the record. Hence, where a bill of exceptions appears in the record allowed and signed by the trial judge, the presumption is that there was due compliance with all the formalities required by the statute, such as submission in proper time to the trial judge. 2 Ohio Jurisprudence, 1058, Appellate Review, Section 588.

See, also, *State* v. *Wirick,* 81 Ohio St., 343, 90 N. E., 937.

At a time when the statutes prescribed a period of six months after entry of judgment in a criminal case in which a petition in error might be filed it was held in the case of *Bosodi* v. *State,* 13 C. C., 275, 7 C. D., 31, which involved the interpretation and construction of Section 6565, Revised Statutes (now Section 10362, General Code), that:

"It is the duty, by law, of the justice of peace to transmit a bill of exceptions when by him allowed, within ten days with the papers of the case to the clerk of common pleas, but if he fails to do so, unless he has demanded his fees therefor and they are not paid, the person taking the bill is not prejudiced, by such failure, but may within the six months allowed for filing petition in error, do so, and with it file the bill of exceptions and other papers."

Applying the presumption mentioned, which we find to be a correct statement of the law, to the facts in connection with the bill of exceptions in the instant case, the record not showing anything to the contrary, we find the bill of exceptions was presented to the justice within the time limited by Section 10360, General

Code, and was corrected and signed by the justice within the time limited by Section 10362, General Code, and that the delay in transmitting the same to and filing the same in the Common Pleas Court was occasioned by the failure of the justice in performing his ministerial duty in transmitting same to the clerk of the Common Pleas Court within the period prescribed by Section 10362, General Code.

Under the decision last above referred to, which we approve as a correct statement of law, it was the duty of the justice of the peace to transmit the bill of exceptions, when by him allowed, within ten days to the clerk of Common Pleas Court and his failure to do so, it not appearing that he demanded his fees therefor and the same were not paid, the appellant, who took the bill was not prejudiced, by such failure and the bill should have been considered by the Common Pleas Court in ruling upon the assignments of error that were of such character they could be exemplified only by resort to the bill of exceptions.

Assignment of error number 6 is therefore well taken.

The Common Pleas Court erred in not considering such bill for the purpose and in the respect mentioned and this error requires the reversal of the judgment of the Common Pleas Court.

Assignment of error number 9 is not argued in appellant's brief and the court, in the exercise of its statutory prerogative conferred by Section 12223-21 of the General Code, will not consider it.

A separate bill of exceptions of the proceedings had by the justice court upon the motion to dismiss the affidavit filed in justice court charging the offense of which the appellant was thereafter found guilty. filed in the Common Pleas Court on December 23, 1950, in connection with the appeal from the order of justice

court overruling said motion, which appeal was thereafter dismissed by the Common Pleas Court as hereinbefore mentioned, was refiled in the Common Pleas Court on November 7, 1951, the appellant apparently intending that it should be considered upon the appeal from the judgment and sentence of conviction.

However, in the bill of exceptions taken upon the trial of the cause hereinbefore mentioned, said separate bill of exceptions taken upon the motion to dismiss the affidavit is not mentioned, referred to, or incorporated by reference or otherwise, and therefore may not be considered upon the appeal from justice court to Common Pleas Court or upon the appeal from Common Pleas Court to this court.

For the error of the Common Pleas Court in not considering the bill of exceptions herein filed in said Court on December 1, 1951, the judgment of the Common Pleas Court is reversed at the costs of the appellee, and the cause is remanded to it for a new trial with instructions to consider the bill of exceptions in connection with a consideration of such of the errors assigned as may be exemplified thereby.

*Judgment reversed.*

MIDDLETON, P. J., and AHL, J., concur.