SOPKO v. MAXWELL, WARDEN.

[Cite as Sopko v. Maxwell, Warden, 3 Ohio St. 2d 123.]

(No. 39421—Decided July 14, 1965.)

*Mr. James Robert Sopko*, in propria persona.

*Mr. William B. Saxbe*, attorney general, and *Mr. William C. Baird*, for respondent.

*Per Curiam.* In this action, petitioner alleges that he is illegally detained because he was arrested without a warrant

and without probable cause, that he was charged by a fraudulent affidavit, and that he was represented by incompetent counsel. Petitioner was represented at his preliminary hearing, arraignment and trial by counsel originally retained by him. During the proceedings, petitioner dismissed this counsel. However, inasmuch as petitioner was without funds, the court appointed the same attorney to represent him.

Even if an arrest is illegal, it does not affect the validity of a subsequent criminal proceeding based on a valid indictment. *Frisbie, Warden,* v. *Collins* (1952), 342 U. S. 519, 96 L. Ed. 541, 72 S. Ct. 509; *Ker* v. *Illinois* (1886), 119 U. S. 436, 30 L. Ed. 421, 7 S. Ct. 225; *Caldwell* v. *Haskins, Supt.*, 176 Ohio St. 261; and *Henderson* v. *Maxwell, Warden*, 176 Ohio St. 187.

Petitioner urges that the officer executing the affidavit did not see the crime committed, and that, therefore, it was fraudulent. It is not necessary that the affidavit be executed by one who observed the commission of the offense. It is sufficient if such person has reasonable grounds to believe that the accused has committed the crime.

Finally, petitioner urges that his counsel was incompetent. He bases this on the fact that the attorney waived the preliminary hearing, failed to determine that the affidavit was fraudulent and failed to move for discharge under the provisions of Section 2937.21, Revised Code. These arguments are without merit. As shown above, the affidavit was valid, and waiver of preliminary hearing did not prejudice petitioner. Concerning petitioner's contention that the attorney was incompetent for failure to move for discharge under Section 2937.21, Revised Code, this section relates only to continuances after the case has actually been set for trial. There was no continuance after petitioner's trial was set.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.