THE STATE OF OHIO, APPELLANT, *v*. BIEDENHARN, APPELLEE.

(No. 10618—Decided January 27, 1969.)

*Mr. Donald A. Fisher*, city prosecutor, for appellant.
*Messrs. Rich, Pott, Wetherell, Foster & Miller*, for appellee.

SHANNON, J. This is an appeal on questions of law taken by the prosecutor for the village of Mariemont from the ruling of the Hamilton County Municipal Court granting motions to quash two affidavits charging violations of Section 2905.30, Revised Code (indecent exposure). Evidently, the court and all counsel considered a motion to quash and a motion to dismiss as being synonymous, and the terms seem to have been so used.

It appears that two minor females, both fifteen years of age, reported to their respective mothers that a man had exposed himself in their presence. Thereafter, one of the mothers telephoned her husband, the father of her daughter, and relayed such report. Then, two affidavits were signed, one by the mother of one child and the other by the father of the other child, who had been advised by telephone. The appellee, Biedenharn, was arrested upon the warrants issued as a consequence of the filing of the affidavits.

When the cases were called for trial, Biedenharn moved that the affidavits be "dismissed" on the ground that such were "faulty" because they had not been signed by a private citizen having knowledge of the facts. Counsel for Biedenharn was permitted to conduct *voir dire* examinations of the affiants to establish that both of them had re-

ceived the information which prompted them to act by word of mouth.

The motions to dismiss were bottomed on the contention that those who had signed the affidavits could not testify in the case because what they knew about the facts was "hearsay."

The court granted the "oral motions to quash" upon the authority of *South Euclid* v. *Clapacs* (South Euclid Municipal Court), 6 Ohio Misc. 101, stating that "it appears obvious in this case that the affiants who signed the affidavit did not have knowledge of the facts which could be introduced as testimony in the trial; and further, that the alleged offenses involved here are against individuals who could have signed the affidavits."

Section 2935.09 of the Revised Code provides:

"In all cases not provided by Sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney."

Our examination of suggested authorities leads us to conclude that some courts in disposing of an issue similar to that posed here have confused affidavits in criminal cases with those found in civil matters.

An affidavit may be a form of taking testimony, as defined in Section 2319.01, Revised Code, but clearly that kind of affidavit is not contemplated by Section 2935.09, Revised Code. The affidavit referred to in the latter Code section is not evidence per se. It is the sworn statement of an individual that another has committed an act which constitutes a violation of law. See Section 2935.17, Revised Code. Its purpose is two-fold; to cause the arrest and prosecution of the person named therein and to advise him of the offense with which he stands accused.

While it is conceivable that an affidavit might become

an exhibit in a trial, the chief effect of it is to place upon the prosecution the burden of proving the allegation contained therein. The statements set forth, sworn to though they be, do not themselves prove their own truth. The proof must come by testimony and evidence extrinsic of the affidavit. It is axiomatic that an indictment is no evidence whatsoever of the truth of the charge contained therein and, clearly, an affidavit can rise no higher.

There is no method established by statute to test the knowledge of an affiant about the facts preliminary to the filing of the affidavit. The Legislature has provided a procedure where a search warrant is sought, Section 2933.23, Revised Code, but such applies only thereto.

The danger of general adoption of the rule of *South Euclid* v. *Clapacs, supra,* is patent. As a practical matter, only a private citizen who was an eye witness to an event could sign an affidavit. Children of tender years might well be victimized with impunity or, in the alternative, an intolerable burden cast upon peace officers.

We are in harmony in our thinking with the *obiter dictum* in *State* v. *Steele,* 95 Ohio App. 107, at page 109:

"* * * So far as the sufficiency of the affidavit is concerned, in a criminal proceeding the person making it need not have any personal knowledge of the facts alleged or have seen any of the acts committed."

The law provides a means to redress a grievance based upon the filing of a false affidavit. It seems to us that it would be a gross error to deprive a citizen of the means to bring to the bar of justice another who he is willing to swear committed an offense against the public.

Therefore, we conclude that Section 2935.09, Revised Code, does not demand personal knowledge as a prerequisite to the filing of an affidavit.

Therefore, the order of the court below granting the oral motions to quash and dismissing is reversed, and the causes are remanded for further proceedings according to law.

*Judgment reversed.*

Long, P. J., and Hildebrant, J., concur.