CITY OF CLEVELAND *v.* WEAVER.

(No. 83 CRB 7329—November 3, 1983.)

Cleveland Municipal Court.

*Mr. Jose Feliciano,* police prosecutor, and *Mr. Bryan Fritz,* for plaintiff.

*Messrs. Kalk & Valore* and *Mr. Laurence A. Turbow,* for defendant.

ADRINE, J. The defendant, Deneen Weaver, has moved this court for an order dismissing the complaint which charges her with assault, in violation of Cleveland Municipal Code Section 621.03. In support of her motion, she argues that the aforementioned complaint is defective, in that the complainant had no *personal* knowledge of the facts underlying it.

The prosecution, while conceding that the complainant's only knowledge of this incident was obtained through hearsay, maintains that the complaint is a valid charging instrument. It is the city's position that a complainant need not have personal knowledge of facts in order to cause a complaint to issue.

The complainant in this case, Lula Spencer, is the mother of the alleged victim, Yvonne Spencer. On the date in question, Friday, April 29, 1983, Yvonne and the defendant engaged in an altercation which resulted in the breaking of Yvonne's nose. Yvonne, thereafter, went home and was taken to an area hospital. At the hospital, the Spencers were met by members of the Cleveland Police Department. After taking their reports, the officers advised the Spencers to consult with the city's police prosecutor about the issuance of a complaint. Even though Yvonne is an adult, it was her mother who followed through on the officers' advice on the following Monday. As a result, she signed the complaint charging the defendant with the assault on her daughter. Admittedly, Lula Spencer was not present when the altercation took place. She therefore had to rely entirely upon information received from others as the basis for making this complaint.

Both parties have researched this question well. Between them, they appear to have cited the court to all of the reported Ohio case law having some bearing on this issue. A discussion here of their respective positions would seem to be in order.

### Defendant's Position

The defendant relies primarily on the reasoning employed in *South Euclid* v. *Clapacs* (1966), 6 Ohio Misc. 101 [35 O.O. 2d 203], and the construction of R.C. 2935.09 contained therein. R.C. 2935.09 provides in pertinent part:

"In all cases not provided by sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed * * *."

The headnotes in *Clapacs, supra,* indicate that, in the court's opinion:

"1. An affidavit of a private citizen charging the defendant with an offense

does not comply with the requirement of Section 2935.09, Revised Code, that the affiant be one 'having knowledge of the facts' if his information concerning the alleged offense has been obtained entirely by hearsay."

That court, therefore, held that such an affidavit could not support a criminal charge and would, of necessity, have to be quashed.

In reaching that conclusion, the court adopted the position that the clear intention of the legislature in drafting R.C. 2935.09 was to differentiate between the authority of a peace officer and that of a private citizen. Accordingly, the court held that "a private citizen must possess 'knowledge of the facts' before being authorized to sign an affidavit charging an offense, whereas, no such restriction or limitation is placed upon a peace officer." *Id.* at 105.

The court also held that the legislature intended the phrase "knowledge of the facts" to mean, "the factual or first hand knowledge acquired through the use of one of the five senses." *Id.* at 106.

The defendant urges this court to adopt the rationale espoused in *Clapacs.*

### Prosecution's Position

Only one Ohio court has reviewed the *Clapacs* case in a reported decision. In *State* v. *Biedenharn* (1969), 19 Ohio App. 2d 204 [48 O.O.2d 338], the Court of Appeals for Hamilton County was critical of the *Clapacs* reasoning and outcome.

Since the defendant's position is bottomed on the *Clapacs* decision, this court has carefully examined the *Biedenharn* opinion, cited by the prosecution, and will quote extensively from it here, in setting forth the prosecution's position.

The prosecution maintains that the fact that the complainant did not witness the alleged assault does not make the complaint defective. The *Biedenharn* court opined that the purpose of a criminal affidavit "* * * is two-fold; to cause the arrest and prosecution of the person named therein and to advise him of the offense with which he stands accused. * * * [T]he chief effect of it is to place upon the prosecution the burden of proving the allegation contained therein. * * *" *Id.* at 205-206.

The *Biedenharn* court went on to point out a practical problem inherent, in its view, in following the opinion announced in *Clapacs:*

"There is no method established by statute to test the knowledge of an affiant about the facts preliminary to the filing of the affidavit. The Legislature has provided such a procedure where a search warrant is sought, * * * but such applies only thereto." *Id.* at 206.

The court concluded: "The danger of general adoption of the rule of *South Euclid* v. *Clapacs, supra,* is patent. As a practical matter, only a private citizen who was an eye witness to an event could sign an affidavit. * * * It seems to us that it would be a gross error to deprive a citizen of the means to bring to the bar of justice another who he is willing to swear committed an offense against the public." *Id.*

This court has also reviewed the additional authority cited to it by the prosecution in *Sopko* v. *Maxwell* (1965), 3 Ohio St. 2d 123 [32 O.O.2d 99]; and *State* v. *Villagomez* (1974), 44 Ohio App.2d 209 [73 O.O.2d 215].

In *Sopko* v. *Maxwell, supra,* the petitioner was charged with armed robbery and assault with intent to rob. He was found guilty of both charges by a jury and imprisoned in the Ohio Penitentiary. He brought an action in habeas corpus, alleging that his detention was illegal because, *inter alia,* he was charged by a fraudulent affidavit. The basis for this allegation was that the officer executing the affidavit did not see the crime committed. The court disagreed with the petitioner's position and held at 124 that:

"It is not necessary that the affidavit be executed by one who observed the commission of the offense. It is sufficient if

such person has reasonable grounds to believe that the accused has committed the crime."

The defendant in *State* v. *Villagomez, supra,* was convicted of possession of marijuana. In prosecuting his appeal from that conviction, he assigned as one of three alleged errors the prosecution's failure to file a complaint meeting the requirements of Crim. R. 3. Hence, he contended, the trial court's jurisdiction was not invoked. In rejecting the defendant's contention, the Court of Appeals for Defiance County at 211 held:

"The purpose and function of a complaint is to inform the accused of the crime of which he is charged. It forms the essential basis of the court's jurisdiction and the subsequent trial and judgment. It must, therefore, contain all of the essential elements required by Criminal Rule 3. Once filed, however, knowledge of the affiant is immaterial to the criminal cause. The issue is whether or not the crime was committed not whether the affiant had personal knowledge of each element of the offense."

The court proceeded to endorse the *Biedenharn* court's conclusion that personal knowledge was not a prerequisite to the filing of a complaint charging an offense. Tacitly noting that *Biedenharn* was decided before the institution of the present Rules of Criminal Procedure, the court explained:

"There is nothing in the Criminal Rules substituting a complaint for the affidavit which would modify the essential reasoning of this case." *Id.*

### Conclusion

Upon consideration, this court finds the position of the prosecution, and the authority supporting it, persuasive. The court agrees with the *Biedenharn* and *Villagomez* courts that the primary purpose of a complaint is to inform the accused of the crime of which he is charged and to cause his arrest.

Under the Rules of Criminal Procedure the complaint serves the same function as the affidavit did in pre-rule days. Thus, the same standard for judging the sufficiency of a complaint as was used to judge the sufficiency of an affidavit must be applied unless some provision of the Rules of Criminal Procedure expressly applies. See *State* v. *Burgun* (1976), 49 Ohio App.2d 112, 117 [3 O.O.3d 177]. Nothing in the Rules of Criminal Procedure modifies the case law cited herein by the prosecution which predates those rules. Thus, this court holds, as did the court in *State* v. *Steele* (1952), 95 Ohio App. 107, 109 [49 O.O. 256], that:

"So far as the sufficiency of the affidavit is concerned, in a criminal proceeding the person making it need not have any personal knowledge of the facts alleged or have seen any of the acts committed."

This court has carefully reviewed those items which the defendant contends distinguish the authorities cited by the prosecution from the case at bar. While clearly some distinctions can be made, they do not reach that level of difference which would estop the application of the cited authority to the instant matter. For the foregoing reasons the court finds that the defendant's motion to dismiss is not well-taken, and it is hereby overruled.

*Motion to dismiss overruled.*