THE STATE OF OHIO, APPELLEE, *v.* MOORE, APPELLANT.

(No. 11974 — Decided June 26, 1985.)

*Lynn C. Slaby,* prosecuting attorney, for appellee.

*Peter T. Cahoon,* for appellant.

---

GEORGE, P.J. The defendant-appellant, Edward Moore, Jr., appeals his conviction for robbery. This court affirms.

On May 3, 1984, a robbery occurred at the corner of Johnathan Court and Russell Street in Akron. The attacker knocked the victim to the ground, went through her purse, and took her money. The victim did not see the attacker's face; however, she was able to ascertain the man's general features. Later that day, a friend of the victim told her he had witnessed the robbery and had seen that her attacker was Moore.

The victim and the witness subsequently went to the police station where the victim filled out a complaint against Moore. An arrest warrant was issued pursuant to this complaint. Moore was arrested at his house and taken to the police station. After being read his rights, he confessed to the crime.

Moore was indicted for robbery, in violation of R.C. 2911.02. He filed a motion to suppress the confession which the trial court denied. Moore then entered a plea of no contest. The trial court found Moore guilty of robbery and sentenced him accordingly. Moore appeals raising the following assignment of error:

"The trial court committed prejudicial error by denying defendant-appellant's motion to suppress, since the warrant for defendant-appellant's arrest was improperly issued, and for the reasons that there was no sufficient basis of probable cause for defendant-appellant's arrest and appellant was illegally arrested."

Moore challenges the adequacy of the complaint filed by the victim. He first argues that the complaint lacked sufficient information to enable the clerk who issued the arrest warrant to make an independent determination of probable cause. This argument is without merit.

Before an arrest warrant may issue, the complaint must establish probable cause that the defendant committed the offense charged. Crim. R. 4(A)(1); and *Whiteley* v. *Warden* (1971), 401 U.S. 560 [58 O.O.2d 434]. Unlike the facts of the *Whiteley* case, here the victim filed a complaint which contained the assertion that Moore robbed her on May 3, 1984. This complaint was signed under oath. On its face, the complaint was sufficient to establish probable cause.

However, Moore further argues that the victim knowingly made a false statement by alleging in the complaint that Moore committed the crime. This is based on the argument that a reading of the complaint implies that the victim had personal knowledge of the identity of her attacker when, in fact, this knowledge came from a friend. Thus, Moore argues that an arrest based on a complaint which contains knowingly false statements violated his due process rights. This argument is equally without merit.

The victim's testimony at the suppression hearing indicates that her information concerning the identity of her attacker came from a friend who had witnessed the robbery. However, she had every reason to believe this information was true. The victim testified concerning the witness' credibility as follows:

"Q. All right. How long have you known this person?

"A. The one who identified the Defendant?

"Q. Yes.

"A. Over four years.

"Q. And have you ever had any problems with him or any argument with him or any fights with him?

"A. The friend who came to my home?

"Q. Yes.

"A. Never. He is a very fine person. I know his wife and his baby. She

has borrowed my car for trips to the hospital. They are fine people.

"Q. Do you find him to be a credible person?

"A. Absolutely.

"Q. Have you had any dealings with him in the past?

"A. As I said, only a friendship. I have lent my car. I have taken his wife and baby to the hospital myself. I have known them well and I cannot speak highly enough.

"Q. When he told you what he had seen, did that fit with the way you recall the incident happening?

"A. Yes, uh-huh."

Thus, the victim's complaint truthfully set forth the victim's knowledge concerning the crime. The fact that the complaint did not state that the attacker's identity came from an unidentified witness is immaterial. Personal knowledge of the commission of an offense is not a prerequisite for filing a complaint. See, generally, *State* v. *Villagomez* (1974), 44 Ohio App. 2d 209 [73 O.O.2d 215]; and *State* v. *Biedenharn* (1969), 19 Ohio App. 2d 204 [48 O.O.2d 338].

Finally, Moore argues that the police lacked probable cause to justify a warrantless arrest, and that exigent circumstances did not exist which would justify Moore's arrest at his house. However, having found that the arrest warrant was valid, these arguments are without merit.

Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.