DECISION AND JUDGMENT ENTRY
Martha Riffle appeals her convictions in the Circleville Municipal Court for disorderly conduct under R.C. 2917.11(A)(1) and assault under R.C. 2903.13.
Appellant, Martha Riffle, was involved in an altercation in the Pickaway County Courthouse with three juvenile court probation officers in the hallway adjacent to the courtroom. Appellant was at the courthouse to attend a juvenile proceeding involving her grandson. At the conclusion of the proceeding, appellant confronted her grandson's guardian and a heated discussion ensued between the two, which precipitated the following events.
Probation Officer Leslie Saxton was in her office when she heard escalating voices coming from the hallway. Ms. Saxton exited her office and became involved in the situation because she felt that appellant was threatening court staff and disrupting official business. She asked appellant to leave the courthouse, to which appellant responded by calling her a witch and pushing her arm. Russell Poole and David Stevens, two other probation officers, also became involved in the confrontation at about this time.
Stevens was in the juvenile courtroom when he heard a commotion in the hallway. The judge motioned for him to go see what was happening. When he entered the hallway, he saw Saxton and Poole arguing with appellant. At this point, appellant told the officers that she was going to talk to the judge and proceeded to walk toward the entrance to the courtroom. Poole got to the door before appellant and held it closed. Unable to enter the courtroom, appellant started yelling obscenities and swinging her hands at Poole. She struck Poole several times in the head and chest. Poole told appellant she was under arrest and requested someone to call the police. Appellant turned and walked toward the courthouse exit; however, Stevens blocked her path and she pushed him, almost knocking him down. Poole then grabbed appellant and "sat her down" on a bench in the hallway.
Sargent Michael L. Wears of the Pickaway County Sheriff's Department was one of several officers to receive the dispatch to respond to the disturbance at the courthouse. Sgt. Wears happened to be pulling into the courthouse parking lot when he got the call. He heard someone yelling and screaming obscenities as soon as he entered the building. According to Sgt. Wears, appellant was "quite loud" when he arrived in the hallway to the courtroom. After talking to the three probation officers, Sgt. Wears placed appellant under arrest for assault and disorderly conduct.
Appellant's case went before the Circleville Municipal Court. Appellant filed a notice of intent to use the affirmative defenses of self-defense, wrongful arrest, false imprisonment, abduction, unlawful restraint, coercion, and interfering with civil rights. In addition, she filed several pretrial motions, including a motion to suppress evidence based on the allegation that appellant was unlawfully arrested by the probation officers. The trial court denied this motion on the rationale that the probation officers had authority to make a warrantless arrest for contempt of court. The trial court also quashed a subpoena issued to Pickaway County Juvenile Court Judge Jan Michael Long. Appellant ultimately pleaded no contest and was convicted on all four charges. The following assignments of error are raised for our review:
I. THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE EVIDENCE OF ASSUALT AND/OR DISORDERLY CONDUCT.
 • THE TRIAL COURT ERRED IN QUASHING THE APPELLANTS' [SIC] SUBPOENA TO JUDGE LONG THEREBY PREVENTING THE APPELLANT FROM PRESENTING AN AFFIRMATIVE DEFENSE.
III. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE DEFECTIVE AFFIDAVITS AND/OR CHARGES AGAINST THE APPELLANT AFTER THE APPELLANT ENTERED NO CONTEST PLEAS.
In her first assignment of error, appellant argues that all evidence supporting the charges against her should have been suppressed because the probation officers did not have authority to place her under arrest. Appellant contends that probation officers are without authority to arrest for misdemeanor assault.
When considering an appeal from a trial court's decision on a motion to suppress evidence, we are presented with a mixed question of law and fact. State v. Neptune (Apr. 21, 2000), Athens App. No. 99CA25, unreported, citing State v. Long (1988), 127 Ohio App.3d 328, 332. During the suppression hearing, the trial court assumes the role of trier of fact. State v. Rossiter (1993), 88 Ohio App.3d 162, 166. Accordingly, the trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Brooks (1996),75 Ohio St.3d 148, 154. As a reviewing court, we must defer to the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Medcalf (1996) 111 Ohio App.3d 142, 145. We must then independently determine whether the trial court correctly applied the appropriate legal standard to the facts of the case. Ornelasv. United States (1996), 517 U.S. 690, 699; State v. Williams (1993),86 Ohio App.3d 37, 41.
For purposes of this appeal, we assume without deciding that the probation officers lacked specific statutory authority to arrest appellant. However, it does not follow that the evidence supporting the assaults and disorderly conduct charges should have been suppressed on this basis. Only evidence obtained as a result of the illegal arrest is subject to the exclusionary rule, not evidence gathered before such an arrest, or independently of it. City of Cuyahoga Falls v. Votaw (Aug. 7, 1991), Summit App. No. 14975, unreported, citing United States v. Crews
(1980), 445 U.S. 463. In this case, the assaults occurred before appellant was allegedly arrested and are admissible as a result. See, generally, In re New (Jan. 10, 2000), Gallia App. No. 98CA14, unreported (stating that even if an officer lacks probable cause to arrest, there is no basis to suppress the officer's pre-arrest observations).
Likewise, the disorderly conduct incident is not subject to the exclusionary rule because it was an independent act of free will, not evidence "derived" from the alleged misconduct. Appellant argues that she was provoked to commit disorderly conduct as a result of the alleged illegal arrest. However, this claim is unfounded. The record shows that appellant engaged in similar conduct prior to the alleged misconduct on the part of the probation officers, and before Sgt. Wears arrived on the scene. Moreover, to the extent that appellant claims that her conduct was in resistance of an unlawful arrest, we find that this is a potential legal justification for her conduct, but does not make her conduct subject to the exclusionary rule. We acknowledge that our rationale differs from that of the trial court in deciding there is no merit in the appellant's motion. However, the Supreme Court has consistently held that a reviewing court is not authorized to reverse a correct judgment simply because the trial court has stated an erroneous basis for that judgment.Myers v. Garson (1993), 66 Ohio St.3d 610, 614; Joyce v. General MotorsCorp. (1990), 49 Ohio St.3d 93, 96. For these reasons, appellant's first assignment of error is overruled.
Next, appellant argues that the trial court erred in granting appellee's motion to quash her subpoena for Judge Long. Appellant intended to have Judge Long testify that:
1) his courtroom was open to the public at the time of the incident; 2) he never ordered appellant to be held in contempt; and 3) appellant had certain rights under Ohio statutes and case law to try to bring to the court's attention the conflict between her grandson and his guardian.
A criminal defendant is entitled to compulsory process under Crim.R. 17. However, the court upon motion of a party may quash the subpoena. Generally, the decision to quash a subpoena is reviewed under an abuse of discretion standard, unless the decision involves a specific construction of law. Petro v. North Coast Villas Ltd. (2000), 136 Ohio App.3d 93. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In this case, Judge Long was not a witness to the incident. He could only have testified to information and matters concerning his official position as judge. Accordingly, appellant had the burden to show that his testimony was necessary and that no other witnesses could testify about the matter. See State v. Johnson (1995), Ross App. No. 94CA2004, unreported, citing Hirschberger v. Silverman (1992), 80 Ohio App.3d 532,541 (holding that "[i]n order to compel the testimony of a judge concerning matters learned solely in his or her official capacity as a judge, the proponent of the testimony must demonstrate that the judge's testimony is necessary and must demonstrate that no other witness could testify about the same matter"). We find that the appellant failed to meet this burden and that the trial court did not abuse its discretion in quashing his subpoena.
Judge Long's testimony was not necessary to establish that he did not order appellant held in contempt or order her from the courtroom. The probation officers did not dispute these facts in their statements. They acknowledged that they were not acting pursuant to directions from Judge Long. Appellant claims that Judge Long's testimony would have bolstered her defense that the probation officers created the situation that ultimately led to her arrest. However, Judge Long's testimony would have added little, if anything, to this element of appellant's defense since he did not witness the altercation.
As for the proffered testimony that appellant had a legal right under Ohio statutes and case law to inform the court of the conflict between her grandson and his guardian, we find that this testimony relates to a legal conclusion, which should be addressed by the judicial officer presiding over the trial, rather than being the proper subject of an expert opinion by a witness. Considering all of these factors, we do not believe that the trial court abused its discretion in granting appellee's motion to quash.
In her last assignment of error, appellant claims that the complaints upon which she was convicted were defective under Crim.R. 3. Crim.R. 3 provides:
The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized to administer oaths.
The jurisdiction of a court in a criminal case is invoked by the filing of a complaint meeting the requirements of Crim.R. 3. The primary purpose of the charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged.State v. Lindway (1936), 131 Ohio St. 166 . "A complaint sufficiently charges an offense when all the elements constituting the offense charged are sufficiently set forth and nothing therein contained is ambiguous."State v. Barnes (Dec. 8, 1992), Ross App. No. 1841, unreported.
In this case, appellant pleaded no contest and was convicted on three counts of assault against each of the three probation officers and on one count of disorderly conduct filed by the Sheriff's Deputy. In two of the assault complaints, the person who signed the complaint did not swear to it. Stevens' and Saxton's complaints were sworn to by Poole, who was also the affiant in his own complaint. Appellant contends that these two complaints are defective because they are not properly sworn to pursuant to Crim.R. 3. However, under R.C. 2935.09, either a peace officer or a private citizen, having knowledge of the facts may file an affidavit charging a person with committing an offense of this state. Personal knowledge of the commission of an offense is not a prerequisite to the filing of an affidavit under R.C. 2935.09. State v. Biedenharn (1969),19 Ohio App.2d 204; City of Cleveland v. Weaver (1983), 10 Ohio Misc.2d 15. Here, appellant does not dispute that Poole was a witness to the assault upon Stevens and that he had personal knowledge of the commission of the assault on Saxton. Therefore, under R.C. 2935.09, Poole's affidavit was sufficient to satisfy the Crim.R. 3 "oath" requirement for all three assault complaints.
Next, appellant argues that the remaining complaints for disorderly conduct and the assault upon Poole fail to state the essential elements of the charges as required by Crim.R. 3. Under Crim.R. 3, the complaint must allege the essential elements of the offense charged, but need not allege the specific facts of the offense. See State v. Burgun (1976),49 Ohio App.2d 112, 115. A complaint is generally deemed sufficient if it charges an offense in the words of the statute or ordinance upon which it is based. Barnes, supra.
Appellant contends that the disorderly conduct complaint is deficient because it fails to identify any person who suffered annoyance and/or alarm. Appellant was charged under R.C. 2917.11(A)(1), which states, in part,
(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
Engaging in fighting, in threatening harm to person or property, or in violent or turbulent behavior;
* * *
The identity of the person or persons who were caused inconvenience, annoyance or alarm is not an essential element of the disorderly conduct complaint. The prosecution need only prove that the alleged conduct occurred in the presence of another person and that it was such that it would cause inconvenience, annoyance or alarm to a person of ordinary sensibilities. See State v. Broughton (1988), 51 Ohio App.3d 10. The disorderly conduct complaint in this case states that appellant "did recklessly, cause inconvenience, annoyance or alarm to another by, engaging in violent or turbulent behavior." This language includes the essential elements of the offense charged, and is sufficient to place appellant on fair notice of the accusations against her, thereby satisfying Crim.R. 3. Accord State v. Stovall (Feb. 5, 1986), Hamilton App. Nos. C-850366 and C-850367, unreported.
Finally, appellant contends that Poole's assault complaint is defective because it does not state the specific acts that were committed to constitute an assault. Appellant was charged and convicted of assault under R.C. 2903.13, which states, "(A) No person shall knowingly cause or attempt to cause physical harm to another * * *." The assault complaint in this case states that appellant "did knowingly cause or attempt to cause physical harm to Russell D. Poole." The complaint includes all the statutory elements of assault and is sufficient to place appellant on fair notice of the accusations against her. The complaint is not deficient in failing to recite the specific facts of the incident. AccordBurgun, supra; see, also, State v. Davis (Feb. 10, 1986), Preble App. No. CA85-09-017, unreported.
For all the foregoing reasons, the judgment of the trial court is affirmed.
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion