[Cite as *State v. Devore*, 2017-Ohio-6956.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P .J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 COA 2 |
| ADAM M. DEVORE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court,
Case No.  16 CRB 867

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 24, 2017

APPEARANCES:

For Plaintiff-Appellee

ANDREW N. BUSH
ASSISTANT DIRECTOR OF LAW
1213 East Main Street
Ashland, Ohio  44805

For Defendant-Appellant

MATTHEW J. MALONE
THE LAW OFFICES OF
MATTHEW J. MALONE, LLC
10 East Main Street
Ashland, Ohio  44805

*Wise, John, J.*

**{¶1}**   Appellant Adam M. Devore appeals his conviction on one count of assault following a jury trial before the Ashland Municipal Court.

**{¶2}**   Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}**   Appellant Adam M Devore was charged with one count of assault, in violation of R.C. §2903.13, a first-degree misdemeanor, as a result of events which occurred on August 4, 2016. The relevant facts and procedural history are as follows:

**{¶4}**   On August 4, 2016, Appellant was at the house of his girlfriend Heather Pierce, who lives on Sherman Avenue in Ashland, Ohio. Appellant's children, Adrian and Corina Devore, were also at the home. Appellant's estranged wife, Amber Devore, came over on the invitation of Appellant, along with her daughter, Christian Hamrick, and her boyfriend, Chris Johnson.

**{¶5}**   Christian Hamrick testified that about fifteen minutes after she, Amber Devore, and Chris Johnson arrived, they decided to leave with the small children, Adrian and Corina. (T. at 16). Christian picked up Corina and Chris Johnson picked up Adrian. As they were leaving, Appellant came running out and tackled Chris Johnson from behind. (T. at 20). The two men fell to the ground, and Appellant put his arm on Chris Johnson's neck. (T. at 22). According to Ms. Hamrick, Chris Johnson did nothing other than attempt to hold Appellant back. (T. at 24). Chris Johnson's face was very bloody after the punches. (T. at 25).

{¶6}  Amber Devore testified similarly to Christian Hamrick in describing the attack on Chris Johnson, which involved Appellant choking and punching Chris Johnson repeatedly.

{¶7}  Chris Johnson testified that Appellant was pushing down on his neck and choking him so badly that he was having trouble breathing. (T. at 99). He described Appellant then punching him repeatedly, and all he tried to do was push Appellant off of him. (T.at 100).

{¶8}  During his own testimony, Appellant claimed that he acted in self-defense. A neighbor, Donald Thompson, Appellant's girlfriend, Heather Pierce, and Appellant all testified to a different version of the events. They claimed that Chris Johnson grabbed Appellant's neck and threatened him. (T. at 159).

{¶9}  Officer Brian Kunzen of the Ashland Police Department testified that Chris Johnson's face was injured severely and bleeding heavily, while Appellant only had some redness and scratches on his neck.

{¶10}  At the conclusion of the jury trial which took place on December 28, 2016, the jury found Appellant guilty of assault.

{¶11}  Appellant now appeals, assigning the following error for review:

{¶12}  "I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶13}  In his sole Assignment of Error, Appellant argues that his conviction was against the manifest weight of the evidence.  We disagree.

{¶14} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, *supra*, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶15} In the case *sub judice*, Appellant was convicted of assault, in violation of R.C. §2903.13, which provides:

(A) No person shall knowingly cause or attempt to cause physical

harm to another or to another's unborn.

{¶16} Appellant argues that he acted in self-defense. Self-defense is a "confession and avoidance" affirmative defense in which Appellant admits the elements of the crime but seeks to prove some additional element that absolves him of guilt. *State v. White,* 4th Dist. Ross No. 97 CA 2282, 1998 WL 2282 (Jan. 14, 1998). The affirmative defense of self-defense places the burden of proof on a defendant by a preponderance of the evidence. *In re Collier,* 5th Dist. Richland No. 01 CA 5, 2001 WL 1011457 (Aug. 30, 2001), *citing State v. Caldwell,* 79 Ohio App.3d 667, 679, 607 N.E.2d 1096 (4th Dist.1992). The proper standard for determining whether a criminal defendant has successfully raised an affirmative defense is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of

reasonable persons concerning the existence of the issue. *State v. Melchior,* 56 Ohio St.2d 15, 381 N.E.2d 195 (1978), paragraph one of the syllabus.

**{¶17}** To establish self-defense in the use of non-deadly force, the accused must show: 1) he was not at fault in creating the situation giving rise to the altercation; 2) the accused had reasonable grounds to believe and an honest belief, even though mistaken, that some force was necessary to defend himself against the imminent use of unlawful force; and 3) the force used was not likely to cause death or great bodily harm. *State v. Hoopingarner,* 5th Dist. Tuscarawas No. 2010AP 07 00022, 2010–Ohio–6490, ¶ 31, *citing State v. Vance,* 5th Dist. Ashland No. 2007–COA–035, 2008–Ohio–4763, ¶ 77 (citations omitted). If any one of these elements is not proven by a preponderance of the evidence, the theory of self-defense does not apply. *State v. Williford,* 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990).

**{¶18}** Here, the witness testimony together with the victim's testimony and the physical evidence established the necessary elements of the charge of assault.

**{¶19}** As to Appellant's affirmative defense of self-defense, we find Appellant failed to prove that he was not at fault in creating the violent situation and further failed to retreat.

**{¶20}** Here, the jury heard two versions of the events that took place on that day. The jury chose to believe the version of events as presented by the State.

**{¶21}** As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911 (Feb. 10,

1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Eastley v. Volkman,* 132 Ohio St.3d 328, 334, 972 N.E.2d 517, 2012–Ohio–2179, *quoting Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass,* 10 Ohio St .2d 230, 227 N.E.2d 212 (1967).

{¶22} Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.' " *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008–Ohio–6635, ¶ 31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004–Ohio–3395, 813 N.E.2d 964 (2nd Dist.2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore,* 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist.1999).

**{¶23}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus; *State v. Hunter,* 131 Ohio St.3d 67, 2011–Ohio–6524, 960 N.E.2d 955, ¶ 118. *Accord, Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

**{¶24}** The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens,* 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell,* 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist.1992).

**{¶25}** We find that this is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Appellant of the charge of assault.

**{¶26}** Based upon the foregoing and the entire record in this matter, we find Appellant's conviction is not against the manifest weight of the evidence. To the contrary,

the jury appears to have fairly and impartially decided the matters before them. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of the witnesses. This Court will not disturb the trier of fact's finding so long as competent evidence was present to support it. *State v. Walker,* 55 Ohio St .2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Appellant's guilt.

{¶27} Appellant's Assignment of Error is overruled

{¶28} For the foregoing reasons, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed.

By: Wise, John, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0714