**[Cite as *State v. DeVore*, 2022-Ohio-3314.]**

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ADAM M. DEVORE | : | Case No. 2022-COA-024 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                                            Case No. 16-CRB-867




JUDGMENT:                                       Affirmed




DATE OF JUDGMENT:                       September 21, 2022




APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

ANDREW N. BUSH                            ADAM M. DEVORE, PRO SE
1213 East Main Street                        P.O.W. 704-923
Ashland, OH  44805                           Richland Correctional Institution
                                                            P.O. Box 8107
                                                            Mansfield, OH  44901

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Adam M. DeVore, appeals his 2016 conviction on one count of assault in the Municipal Court of Ashland County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 5, 2016, a criminal complaint was filed charging appellant with one count of assault in violation of R.C. 2903.13.  A jury trial was held on December 28, 2016.  The jury found appellant guilty as charged.  By judgment entry filed January 23, 2017, the trial court sentenced appellant to one hundred eighty days in jail.

{¶ 3}   Appellant filed an appeal and argued his conviction was against the manifest weight of the evidence.  This court affirmed his conviction.  *State v. DeVore,* 5th Dist. Ashland No. 17 COA 2, 2017-Ohio-6956.

{¶ 4}   On July 6, 2022, appellant filed a motion to dismiss for failure to show jurisdiction.  By judgment entry filed same date, the trial court denied the motion.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}   "THE ASHLAND MUNICIPAL COURT FOR ASHLAND COUNTY, OHIO, ERRED BY FAILING TO DISMISS THE SINGLE FORM COMPLAINT WITH SUMMONS FILE ON AUGUST 5, 2016, FOR LACK OF SUBJECT-MATTER JURISDICTION WHERE: (1) THE ISSUING LAW ENFORCEMENT OFFICER OF THE SINGLE FORM COMPLAINT WITH SUMMONS, OFFICER B. KUNZEN, DID NOT SWEAR TO OR EXECUTE THE JURAT AS REQUIRED; AND (2) THE DEPUTY CLERK WHOM

ADMINISTERED AN OATH TO SGT. JOHN SINX COULD NOT HAVE KNOWLEDGE OR SATISFACTORY EVIDENCE THAT THE PERSON ACKNOWLEDGING THE SINGLE FORM COMPLAINT WITH SUMMONS (SINX) WAS OFFICER B. KUNZEN, THE PERSON NAMED IN THE INSTRUMENT, WHICH VOIDS THE ACKNOWLEDGEMENT AND JURAT AS FRAUDULENT, CONTRARY TO R.C. 147.541(D)."

I

{¶ 7}  In his sole assignment of error, appellant claims the trial court erred in denying his motion to dismiss for lack of subject matter jurisdiction.  We disagree.

{¶ 8}  "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) [lack of jurisdiction over the subject matter] is whether any cause of action cognizable by the forum has been raised in the complaint."  *State ex rel. Bush v. Spurlock,* 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).  We review an appeal of a motion for dismissal under Civ.R. 12(B)(1) de novo.  *Moore v. Franklin County Children Services*, 10th Dist. Franklin No. 06AP-951, 2007-Ohio-4128, ¶ 15.

{¶ 9}  Crim.R. 3 governs complaint.  Subsection (A) states: "The complaint is a written statement of the essential facts constituting the offense charged.  It shall also state the numerical designation of the applicable statute or ordinance.  It shall be made upon oath before any person authorized by law to administer oaths."  In reviewing the complaint, we find it complies with the rule.  It contains a written statement of the facts constituting the offense charged, the numerical designation of the applicable statute, and an oath acknowledged by a deputy clerk.

{¶ 10} Appellant argues the complaint is void because the issuing law enforcement officer ("Kunzen") did not swear to or execute the jurat, and the deputy clerk who administered the oath had insufficient knowledge to do so.

{¶ 11} The complaint with summons was signed by the issuing officer, "Kunzen." "Sinx" was the issuing officer who swore he read the complaint and it was true. As stated by our colleagues from the Third District in *State v. Villagomez,* 44 Ohio App.2d 209, 211-212, 337 N.E.2d 167 (3d Dist.1974):

> The purpose and function of a complaint is to inform the accused of the crime of which he is charged. It forms the essential basis of the court's jurisdiction and the subsequent trial and judgment. It must, therefore, contain the essential elements required by Criminal Rule 3. Once filed, however, knowledge of the affiant is immaterial to the criminal cause. The issue is whether or not the crime was committed, not whether the affiant had personal knowledge of each element of the offense.
>
> In *State v. Biedenharn* (1969), 19 Ohio App.2d 204, 250 N.E.2d 778, it is said in the syllabus:
>
> 'Personal knowledge of the commission of an offense is not a prerequisite to the filing of an affidavit therefor under Section 2935.09, Revised Code, which provides for accusation by affidavit to cause arrest (for) prosecution.'
>
> * * *

Under the rule above cited, it is not necessary that the one signing a complaint personally know all the facts constituting the elements of the offense. He may rely upon the testimony and investigation of others to establish matters not within the orbit of his personal knowledge. Few persons are personally aware of all elements of an offense and must necessarily so rely.

In *Sopko v. Maxwell* (1965), 3 Ohio St.2d 123, at 124, 209 N.E.2d 201, at 202, the Supreme Court states, in a per curiam decision:

'It is not necessary that the affidavit be executed by one who observed the commission of the offense. It is sufficient if such person has reasonable grounds to believe that the accused has committed the crime[.]'

{¶ 12} In our review of the complaint and the applicable rules and case law, we do not find any merit to appellant's arguments.

{¶ 13} The sole assignment of error is denied.

{¶ 14} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/db