## No. 544

### SCHWARTZ v. STATE

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4729. Decided June 18, 1923

This opinion has not been published except in Abstract.

**INTOXICATING LIQUORS**—(1) Searching premises withoua a warrant—**PLEADINGS**—(2) Motion to quash not proper after a general plea has been entered unless the latter is withdrawn—(3) Only defects apparent on face of record can be taken advantage of by a motion to quash—**INTOXICATING LIQUORS**—(4) Insufficient evidence to warrant conviction.

VICKERY, P. J.:
Epitomized Opinion

Anna Schwartz was arrested and convicted of selling intoxicating liquors. While officers were searching for a person who committed a crime in the vicinity of the home of the accused, they searched a man nearby and found that he had some liquor in his possession. Upon inquiry the man informed the officers that he had purchased the liquor from Mrs. Schwartz. The officers then went to the house, but some one within, seeing them, pulled down the door shade. The officers then broke in the door. The evidence also disclosed that Mrs. Schwartz made away with something while the officers were breaking in. The officers testified that they found a jug containing liquor which smelled like alcohol or whiskey. The woman was taken to the police station and an affidavit and warrant were sworn out for her arrest. Later she was convicted by Judge Terrell for having sold intoxicating liquors. Before the case was tried a motion to quash the affidavit was filed, but this was overruled. At the time this motion was filed, a plea of "not quilty" had already been made. Error was then prosecuted to the Court of Appeals. In reversing the judgment, the Court of Appeals held:

# OHIO COURT OF APPEALS--Continued

1. Where a misdemeanor is committed a police officer has no authority to arrest the accused unless the officer actually saw the offense committed or had a warrant in his possession for the arrest of the accused.

2. As one cannot avail oneself of a motion to quash as long as a plea remains undisposed of, no error was committed by the court in overruling the motion to quash.

3. A motion to quash may be made only where there is a defect apparent upon the face of the record, including the defects in the form of the indictment or in the manner in which the offense is charged, and as the matter here complained of was extraneous to the record, the objection should have been made in some other form.

4. The conviction of the charge of selling intoxicating liquors must be reversed as there was insufficient evidence to warrant the same.

Attorneys—A. L. Glazer, for Schwartz; Lee E. Skeel, for State.