THE STATE OF OHIO, APPELLEE, *v.* HOOPER, APPELLANT.

[Cite as State v. Hooper, 10 Ohio App. 2d 229.]

(No. 411—Decided November 1, 1966.)

*Mr. George F. Burkhart,* prosecuting attorney, for appellee.

*Mr. Allen Sherry,* for appellant.

LYNCH, J. This is an appeal on questions of law from a judgment entered on a verdict of a jury in the County Court finding defendant, appellant herein, guilty of violating Section 4511.251 of the Revised Code, relating to drag racing.

Defendant's first assignment of error is that Sec-

tion 4511.251, Revised Code, is unconstitutional. We decided this issue in *State* v. *Goodman*, 8 Ohio App. 2d 166, in which we held that this statute is constitutionally valid.

Defendant's second assignment of error concerns the arrest of defendant without a warrant being issued. The sheriff was summoned to the scene of an automobile accident, where he observed two cars within approximately forty feet of each other. The driver of one car which was wrecked was Carl Eikleberry, who was injured with a broken arm. The sheriff measured the skid marks at the scene of the accident and talked to defendant, who admitted being the driver of the other car.

Defendant gave a signed statement that Mr. Eikleberry's car passed his car and that Mr. Eikleberry's car struck a tree, ricochetted off and hit the right side of defendant's car, and then ricochetted off and hit a second tree.

The sheriff arrested defendant and took him to jail. The accident occurred about 4 a. m. on a Sunday morning. Later in the day, at approximately 12:30 p.m., the sheriff talked to defendant, who told him in detail what he was doing the night before. It is to the statements and admissions made by the defendant to the sheriff at this time, while incarcerated in jail, that defendant directed a motion to suppress the evidence.

The sheriff testified that before he talked to the defendant he advised defendant that he was allowed to have an attorney; instructed defendant as to his constitutional rights; and advised him that anything he would say could be used in a court of law. The trial court overruled defendant's motion to suppress the evidence, and the sheriff testified as to the statements and admissions that defendant made to him.

Prior to this trial, during the trial, and at the end of the trial, defendant moved to quash the affidavit and suppress the evidence for the reason that defendant was arrested for a misdemeanor not committed in the presence of the arresting officer and without a warrant having been previously issued.

The applicable statute on arrest is Section 2935.03, Revised Code, which provides in part as follows:

"A sheriff, deputy sheriff, marshal, deputy marshal, watchman, or police officer shall arrest and detain a person *found* violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained." (Emphasis ours.)

As a general rule, a police officer cannot arrest, without a warrant, a person for a misdemeanor which was not committed in his presence or view. *Cincinnati* v. *O'Neal*, 3 Ohio App. 2d 139, 5 Ohio Jurisprudence 2d 33, Arrest, Section 21; 5 American Jurisprudence 2d 720, Arrest, Section 30; 6 Corpus Juris Secundum 593, Arrest, Section 6.

The second paragraph of the syllabus of *Bock* v. *Cincinnati*, 43 Ohio App. 257, is as follows:

"To justify arrest without warrant, officer must believe offense is being committed and must believe on evidence of his own senses in case of misdemeanor and in case of felony on credible evidence of other persons."

The Supreme Court of New Jersey in *State* v. *Murphy*, 4 N. J. Misc. 957, 134 A. 900, held that an arrest without warrant for driving while intoxicated was not illegal where the officer came to the scene of an accident and found defendant near one of the cars in an intoxicated condition and the defendant admitted that he was driving.

The prosecutor contends that the evidence that the sheriff found at the scene of the accident was sufficient to establish the commission of a misdemeanor and to justify the arrest of defendant by the sheriff.

We do not feel that the legality or illegality of this arrest is decisive under the facts of this case. Assuming, without deciding this question, that the arrest of the defendant by the sheriff was illegal in this case, we hold that defendant's rights were not prejudiced as to the issues that have arisen out of the trial of this case.

We hold that defendant's motion to quash the affidavit has no merit. The affidavit in this case was in proper form, and the record indicates that the defendant was served a copy of this affidavit.

Section 10, Article I of the Ohio Constitution provides in in part as follows:

"* * * In any trial, in any court, the party accused shall be allowed * * * to demand the nature and cause of the accusation against him, and to have a copy thereof * * *."

Section 2935.10, Revised Code, provides in part as follows:

"Upon the filing of an affidavit or complaint as provided by Section 2935.09 of the Revised Code, * * *.

"If the offense charged is a misdemeanor or violation of a municipal ordinance, such judge, clerk, or magistrate may:

"(A) Issue a warrant for the arrest of such person, directed to any officer named in Section 2935.03 of the Revised Code but in cases of ordinance violation only to a police officer or marshal or deputy marshal of the municipal corporation;

"(B) Issue summons, to be served by a peace officer, bailiff, or court constable, commanding the person against whom the affidavit or complaint was filed to appear forthwith, or at a fixed time in the future, before such court or magistrate. Such summons shall be served in the same manner as in civil cases."

Thus, when an affidavit is filed, a warrant may issue but is not required. The accused can be served by summons as was done in this case.

In *Schwartz* v. *State*, 1 Ohio Law Abs. 521, the court held that a motion to quash may be made only where there is a defect apparent upon the face of the record, including the defects in the form of the affidavit or in the manner in which the offense is charged. See Section 2941.54, Revised Code.

We hold that an illegal arrest does not, in itself, invalidate an affidavit filed in a misdemeanor and is not a proper ground to sustain a motion to quash the affidavit.

However, an illegal arrest can affect evidence received as a result of such arrest. When this happens, a motion to suppress the evidence or a plea in abatement will lie. A motion to suppress the evidence was made in this case, and the question now before us is whether the testimony of the sheriff as to the statements and admissions made by the defendant is affected by an illegal arrest.

It is clear that evidence that has been obtained by a search and seizure from an illegal arrest is inadmissible because of a violation of the right against unreasonable searches and seizures provided by the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution. *Mapp* v. *Ohio*, 367 U. S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A. L. R. 2d 933; *Beck* v. *Ohio*, 379 U. S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223.

However, the evidence at issue in this case that resulted from this arrest was not physical evidence obtained by a search

and seizure. Thus, this case does not come under the Fourth Amendment to the United States Constitution, but under the Fifth and Sixth Amendments which protect a person from being a witness against himself and provide that the accused has the right to have the assistance of counsel for his defense. In this case, the defendant was advised of his constitutional rights and voluntarily gave statements and admissions to the sheriff. As far as we know, the United States Supreme Court has not passed on this specific question. It is our opinion that an illegal arrest does not affect statements and admissions given by a defendant after such arrest that are voluntarily given after his being advised of his constitutional rights.

We have considered the other assignments of error of defendant, but find them without merit.

*Judgment affirmed.*

JOHNSON, P. J., and JONES, J., concur.