THE STATE OF OHIO, APPELLEE, *v.* DARGA, APPELLANT.

(Nos. 85AP-479, -480, and -736—
Decided December 31, 1985.)

*Gregory S. Lashutka,* city attorney, *Ronald J. O'Brien,* city prosecutor, and *David E. Tingley,* for appellee.

*Vincent DePascale,* for appellant.

FORD, J. On November 7, 1984, defendant-appellant Mark Darga was observed by a constable of Sharon Township in an unincorporated portion of the township while appellant was driving his motor vehicle in an erratic manner, crossing lanes of traffic and driving off the road. The constable followed appellant, from an unincorporated portion of Sharon Township into the city of Worthington, which is also a part of Sharon Township. Appellant was arrested for operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A)(1), operating a motor vehicle with a breath-alcohol content over .10 percent, R.C. 4511.19(A)(3), and failing to drive on the right side of the roadway, R.C. 4511.25. Appellant pleaded not guilty to these charges and filed a pretrial motion to dismiss, alleging that the constable lacked jurisdiction

to arrest appellant for the traffic offenses in question. Following a January 30, 1985 hearing, the trial court overruled appellant's motion. On May 20, 1985, the matter proceeded to a bench trial, following which appellant was found guilty on all charges.

Appellant has raised the following assignments of error:

"1.  The court erred in holding that a township constable has the power to make traffic arrests for offenses not listed in O.R.C. 4513.39 and particularly for O.R.C. 4511.19(A)(1), O.R.C. 4511.19(A)(3) and O.R.C. 4511.25, thereby overruling defendant/appellant's motion to dismiss on jurisdictional grounds.

"2.  The court erred in finding the defendant guilty of both 4511.19(A)(1) *and* 4511.19(A)(3).

"3.  The verdict on the (DWI) 4511.19(A)(1) is not supported by the weight of the evidence when the evidence presented by the defendant to explain the driving is equal to that presented by the state."

Appellant's first assignment of error is premised on his contention that a township constable only has authority to arrest for those traffic offenses expressly listed in R.C. 4513.39. Appellant argues that since the traffic violations for which he was arrested, *i.e.,* R.C. 4511.19(A)(1), 4511.19(A)(3), and 4511.25, are not within the purview of R.C. 4513.39, that his arrest was invalid. However, appellant's contention is without merit since it fails to consider the following pertinent language contained within R.C. 2935.03(C):

"(C)  *A constable,* within the limits of the township in which the constable is appointed or elected, *shall arrest* and detain until a warrant can be obtained *a person found by him committing,* within the limits of the township, *a misdemeanor,* either *in violation of a law of this state* or an ordinance of a village." (Emphasis added.)

In accordance with the foregoing statute, since the offenses for which appellant was arrested, *i.e.,* operating a motor vehicle while under the influence of alcohol and improper lane usage, are misdemeanors, see R.C. 4511.99(A), and (E), the constable had jurisdiction to arrest appellant.

Appellant further contends, however, that since R.C. 2935.03(C) is contained within the Ohio Criminal Code, this statutory section only pertains to criminal misdemeanor arrests, and not traffic offenses. We disagree. R.C. 2935.03 further provides:

"(D)  If a * * * constable * * * is authorized by division * * * (C) of this section to arrest and detain * * * a person until a warrant can be obtained, the peace officer may, outside the limits of the political subdivision * * * in which he is appointed or elected, pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:

"(1)  The pursuit takes place without unreasonable delay after the offense is committed;

"(2)  The pursuit is initiated within the limits of the political subdivision * * * in which the peace officer is appointed or elected;

"(3)  The offense involved is * * * any offense for which points are chargeable pursuant to division (G) of section 4507.40 of the Revised Code."

The offenses contained in R.C. 4507.40(G) essentially are those of all moving traffic violations. Accordingly, since, under R.C. 2935.03(D), a constable can pursue and arrest an individual for a moving traffic violation even though such arrest occurs outside the constable's jurisdiction, appellant's distinction between criminal arrests and traffic arrests is without merit.

Appellant's second assignment of error asserts that the trial court erred in finding him guilty of violating R.C. 4511.19(A)(1) and 4511.19(A)(3), since

they are offenses of the same statute. However, appellant failed to raise this issue in the trial court and, as such, he is precluded from doing so on appeal. *State v. Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364. In addition, appellant fails to acknowledge that he was sentenced for violating R.C. 4511.19(A)(1) only.

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A).

However, R.C. 2941.25 has not been interpreted to mean that a person cannot be indicted or charged, tried, and found guilty of multiple offenses, even when they are allied offenses. *State v. Kent* (1980), 68 Ohio App. 2d 151, 154, 22 O.O. 3d 223, 225, 428 N.E. 2d 453, 456:

"The allied offense statute merely provides that where allied offenses are present, the person can only be convicted of one of the offenses. *Conviction in this context means a judgment of conviction.*" (Emphasis added.)

Further, *State v. Henderson* (1979), 58 Ohio St. 2d 171, 12 O.O. 3d 177, 389 N.E. 2d 494, tells us that "conviction" is defined as more than a verdict or finding of guilty. *Henderson* states that conviction means the combined occurrence of a plea or verdict and/or finding of guilty, and the sentence imposed. In the case at hand, there was more than one finding of guilty under R.C. 4511.19; however, there was only one conviction involving a rendition of a sentence within the meaning of *Kent* and *Henderson, supra.* Accordingly, appellant's second assignment of error is not well-taken.·

In his final assignment of error, appellant contends that since the evidence presented by him, to explain his erratic driving and, therefore, establish lack of probable cause to stop, was equal to the evidence presented by the state, appellant's conviction of R.C. 4511.19(A) (1), was against the manifest weight of the evidence. We disagree. The constable testified that he followed appellant for approximately one and one-half miles and, during this time, appellant was observed to repeatedly drive his vehicle off the right side of the roadway. Although appellant attempted to explain such driving by the fact that he was smoking and adjusting the radio, the constable stated that he detected the odor of alcohol on appellant's breath after appellant had been stopped. As the finder of fact, the trial court was the sole judge of the credibility of witnesses. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212. Accordingly, since the trial court opted to believe the state's position, appellant's final assignment of error is without merit.

For the foregoing reasons, appellant's three assignments of error are overruled, and the judgments of the trial court are affirmed.

*Judgments affirmed.*

REILLY, P.J., and WHITESIDE, J., concur.

FORD, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

WHITESIDE, J., concurring. With the understanding that we do not hold that a township constable has authority to arrest without a warrant for traffic offenses observed by the officer to have been committed outside his bailiwick (the unincorporated area of the township), I concur in the opinion and judgment. See *Cincinnati v. Alexander* (1978), 54 Ohio St. 2d 248, 8 O.O. 3d 224, 375 N.E. 2d 1241. Additionally, however, the judgment should be affirmed even if the arrest were illegal since an il-

legal arrest does not render invalid a properly filed affidavit in a misdemeanor case nor deprive the court of jurisdiction. *State* v. *Hooper* (1966), 10 Ohio App. 2d 229, 39 O.O. 2d 435, 227 N.E. 2d 414; *State* v. *Villagomez* (1974), 44 Ohio App. 2d 209, 73 O.O. 2d 215, 337 N.E. 2d 167. See, also, *Sopko* v. *Maxwell* (1965), 3 Ohio St. 2d 123, 32 O.O. 2d 99, 209 N.E. 2d 201.