OPINION
Defendant-appellant Lisa Stropkaj appeals from her conviction and sentence, following a no-contest plea, for Promoting Prostitution. Stropkaj contends that the trial court erred by overruling her motion to suppress evidence obtained as the result of an unlawful search. Although the search was pursuant to a warrant, Stropkaj argues that there were material misleading omissions in the affidavit in support of the search warrant, and that when these omitted facts are considered, there is an absence of probable cause for the search. From our review of the record, we conclude that there are substantial and material misleading omissions from the affidavit in support of the search warrant, and that the trial court erred by failing to consider whether these omissions were either intended to mislead the magistrate, or were made in reckless disregard of their tendency to mislead the magistrate. We conclude, further, that the trial court abused its discretion by denying Stropkaj's motion to reconsider the denial of her motion to suppress, and for findings of fact and conclusions of law, addressed to the issue of the material misleading omissions. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
Stropkaj operates an escort service. Montgomery County sheriff deputy David Hale became aware that Diane Gumm had been charged with Importuning, and, in exchange for the dismissal of that charge, was providing information that Stropkaj's escort service was in the business of providing sex for hire. Gumm also implicated Stropkaj in drug trafficking.
Hale interviewed Gumm, and obtained information from Kettering police officer Michael Franklin concerning a confidential informant who, about four months earlier, had informed Franklin that Stropkaj's escort service was providing sex for hire, and that Stropkaj had sold, and had offered to sell, cocaine. Hale also obtained information from Miamisburg police officer Kirk Bell that a woman by the name of Margaret Edwards, who had been arrested for Carrying a Concealed Weapon in 1993, had informed him that she had been employed by Stropkaj's escort service, and that it was engaged in providing sex for hire.
Hale executed a two-page affidavit, the entirety of which is appended, setting forth the information he had received, and used it in support of applications for three search warrants. A magistrate, the Honorable Dennis J. Langer, Judge of the Montgomery County Common Pleas Court, issued the warrants, and they were executed. Each warrant was concerned with a separate location, and each warrant resulted in the seizure of evidence.
Stropkaj was arrested and charged with Promoting Prostitution. Evidently, no evidence was obtained that would support a drug trafficking charge, and she was not charged with drug trafficking.
Stropkaj moved to suppress evidence, contending, among other things, that the search warrants were not issued upon probable cause. After a substantial hearing, at which four police officers and Stropkaj testified, the trial court denied her motion to suppress.
Stropkaj then filed a motion to reconsider, and also for findings of fact and conclusions of law, pointing out to the trial court that it had not addressed her claim that there were substantial, material misleading omissions of fact in the affidavit in support of the search warrants. The trial court denied this motion, as well.
Stropkaj subsequently pled no contest, was found guilty, and was sentenced accordingly. From her conviction and sentence, Stropkaj appeals.
 II
Stropkaj's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE AFFIDAVITS FOR THE SEARCH WARRANTS LACKED PROBABLE CAUSE.
The essence of Stropkaj's argument in support of this assignment of error is that the affidavit of Deputy Sheriff David Hale used to procure the search warrants in this case omitted certain information, and that the omissions were materially misleading. As a threshold matter, the State argues that Stropkaj failed to raise her misleading omissions argument in her suppression motion and memorandum, and has therefore waived it. The State relies upon Xenia v. Wallace (1988),37 Ohio St.3d 216 . Stropkaj did raise her misleading omissions argument in her post-hearing memorandum, and the State responded to this argument in its post-hearing memorandum, with no argument by the State that Stropkaj had failed to raise this issue before the hearing. Consequently, we conclude that the State has waived any argument under Xenia v. Wallace, supra, that it had inadequate notice of the misleading omissions issue as an issue for the hearing on the suppression motion. We note that we have reviewed the entire transcript of the suppression hearing, and both parties elicited considerable testimony material to the misleading omissions issue.
A search warrant affidavit that is facially sufficient may nevertheless be successfully attacked if the defendant can show by a preponderance of the evidence that the affiant made a false statement intentionally, or with reckless disregard for the truth. Franks v. Delaware (1978),438 U.S. 154, 155-156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672, cited in State v. Waddy (1992), 63 Ohio St.3d 424, at 441. In Waddy, supra, the Ohio Supreme Court recognized that: "Omissions count as false statements if `designed to mislead, or * * * made in reckless disregard of whether they would mislead, the magistrate.'" (Deletion in original; citation omitted.)
All three search warrants issued in the case before us relied upon a common affidavit, that of Deputy Hale, the entirety of which is appended to this opinion. Essentially, the affidavit sets forth information received from three sources, all of whom were allegedly former employees of Stropkaj's escort service. The first of these was Margaret Edwards, who was arrested in 1993 for Carrying a Concealed Weapon. She informed Miamisburg police detective Kirk Bell that the escort service provided sex for hire, and that she, Edwards, had provided sexual services for hire, as an employee of the escort service, to a hotel occupant on the night of her arrest. This occupant, who is named in the affidavit, was contacted, and admitted to Bell that he had hired the escort service, and that Edwards came to his room and performed a sexual act for $100.00. The affidavit does not aver that the customer told Bell that Stropkaj knew that Edwards was performing sex for hire, and, at the suppression hearing, Bell acknowledged that the customer had not asserted that Stropkaj knew that Edwards was performing sex for hire. It should be emphasized that the information from Edwards was in October, 1993, about 4+ years before the search with which this appeal is concerned.
The second source of information is identified in the affidavit only as a confidential source, who said that he was "conducting business" with Stropkaj. This source provided his information to Kettering police officer Michael Franklin in November, 1997. This source said that Stropkaj's escort service was performing sex for hire. This source also said that Stropkaj "deals cocaine" to some of her employees, and that Stropkaj had offered to sell cocaine to the confidential source the week prior to the source's interview with Franklin.
The third informant, and the most crucial, was Diane Gumm. Her information was provided during the week preceding the issuance of the search warrants. She said that she had worked as a prostitute for Stropkaj's escort service, and that Stropkaj had directed her to perform whatever sexual acts a customer required. Gumm provided some details concerning the operation of the escort service, and also implicated Stropkaj in drug trafficking.
None of the sources of information had worked with police before, and the police were not able to vouch for their reliability. Hale verified some of Gumm's information concerning Stropkaj's escort service, but none of the verified information implicated Stropkaj in criminal activity.
We must now consider Stropkaj's argument that there were material misleading omissions of fact in the affidavit. We conclude that two of these facts were not known by Hale, the affiant, at the time of his affidavit, and therefore may not be considered to be misleading omissions. The first of these is the fact that Margaret Edwards, the informant in 1993, had made a very favorable deal with the authorities in exchange for her information. Hale testified that he did not know whether Edwards had been promised anything in exchange for her information, and he further testified that he did not know how Edwards' Carrying a Concealed Weapon charge had come out. The second of these, for whatever it is worth, is that Stropkaj had told Huber Heights police officer Patrick Rice that she abhorred illegal drugs, and that she fired employees who were found to have used drugs. Rice testified that he did not think that he had communicated this information to Hale. Without some other basis for finding fault, an affiant cannot be faulted for failing to include in an affidavit facts that are unknown to him at the time.
The next category of alleged omissions are, in our view, not misleading. The first of these is the fact that there were no criminal charges or arrests following a search of Stropkaj's service in 1993; the second is that there were no complaints or investigations of Stropkaj between 1993 and 1998; and the third is that two earlier search warrants produced no evidence. With regard to this last matter, Hale testified that he only knew about the search warrant in 1993. He did not know about a search warrant in 1997.
In our view, an omitted fact in an affidavit for a search warrant, in order to be considered intentionally misleading or made with reckless disregard of its tendency to mislead the magistrate, would necessarily have to be exculpatory information, or information that impeaches a source of incriminating information. The absence of additional incriminating information is not a fact, the omission of which would be likely to mislead the magistrate. The magistrate will naturally assume that there is no additional incriminating information, on the theory that if the affiant had any additional incriminating information, that information would have been placed before the magistrate. It would serve no useful purpose to require a search warrant affidavit to include a boilerplate paragraph asserting that the affiant is not aware of any incriminating facts beyond those set forth in the affidavit. These omitted facts are all in this category; that is, they reflect that no additional incriminating information was obtained. Because this would be the magistrate's natural assumption, we conclude that the failure to aver the absence of additional incriminating facts is not misleading. The final category of omitted facts are facts impeaching the credibility of two of the informants. One of these is that Gumm had asked for, and received, the dismissal of her Importuning charge in exchange for her information. Hale acknowledged that he knew this, but did not include it in his affidavit, because it was not his practice to provide that kind of information to a magistrate when applying for a search warrant. The other fact is that the confidential informant in November, 1997, had been fired by Stropkaj before providing the information. Although Hale was not aware of this fact, he asked Detective Franklin, who did know of it, to review paragraph three of the affidavit, which pertained to the confidential informant, for accuracy. From our review of Franklin's testimony, we conclude that he understood the purpose of the affidavit — that is, that it was being used to procure a search warrant — when he reviewed this information. We conclude that when a police officer reviews, for its accuracy, a paragraph in an affidavit that he knows is going to be used to apply for a search warrant, he has the same obligation to avoid misleading facts and omissions as the officer executing the affidavit. Although mere police negligence in checking or recording the facts relevant to a probable cause determination will not support looking beyond the four corners of the affidavit, intentionally misleading statements or omissions, or statements or omissions made in reckless disregard of their tendency to mislead the magistrate, will support looking beyond the four corners of the affidavit. Franks v. Delaware (1978), 438 U.S. 154, 170, 98 S.Ct. 2674, 2683, 57 L.Ed.2d 667. When a police officer knowingly accepts responsibility for ensuring the accuracy of all, or some portion, of an affidavit used to procure a search warrant, that officer's intentionally misleading failure to correct a misstatement or omission in the affidavit, or a failure to correct a misleading statement or omission in the affidavit that is in reckless disregard of its tendency to mislead the magistrate, constitutes police misconduct undermining the process of review by a neutral magistrate, justifying looking beyond the four corners of the affidavit.
The fact that Diane Gumm sought, and obtained, the dismissal of the Importuning charge against her in exchange for information incriminating Stropkaj, and the fact that the 1997 confidential informant had been fired by Stropkaj, are facts material to the credibility and reliability of these informants. Neither informant is a disinterested person having only the motivation to assist police officers in law enforcement. Each had a motive for providing incriminating information that was independent of the information's accuracy. The existence of these motives is material to the credibility of these informants. Obviously, at a trial on the merits of the charge against Stropkaj, she would be permitted to lay evidence of these motives before the fact-finder, as evidence affecting the credibility of these witnesses. Accordingly, we conclude that these omitted facts are omissions from the affidavit having a tendency to mislead the magistrate.
The trial court should, but did not, determine whether the omission of these facts was intentional, or was in reckless disregard of the tendency of the omission to mislead the magistrate. At the outset of the trial court's decision denying the motion to suppress, the trial court noted the existence of this issue, along with other issues. The other issues were then discussed, and resolved adversely to Stropkaj, but the trial court never discussed the misleading omissions issue. Indeed, Stropkaj filed a motion for reconsideration, and for findings of fact and conclusions of law, pointing out the trial court's failure to have addressed the misleading omissions issue, but the trial court denied this motion.
Crim.R. 12(E) provides that: "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." The failure to provide requested findings, while error, is not prejudicial where the record provides an appellate court with a sufficient basis to review the assignments of error. Zanesville v. Osborne (1992),73 Ohio App.3d 580, 584. In the case before us, the factual issue that the trial court was required to resolve was whether the omissions concerning the confidential informant and the informant Gumm were intended to mislead the magistrate, or were made with reckless disregard of their tendency to mislead the magistrate. These factual findings require the trial court to evaluate the states of mind of police officers Hale and Franklin. Both of these police officers testified before the trial judge, who was therefore in a much better position to evaluate their states of mind when the omissions occurred. Accordingly, we cannot say that the failure to make the requested findings of fact was harmless error.
The State argues that even if there are misleading omissions in the affidavit offered to procure the search warrants, the evidence should still not have been suppressed, because when the omitted facts are added to the affidavit, the affidavit would nevertheless support a finding of probable cause. That is the next stage of inquiry per Franks v. Delaware, supra. The State argues that even with Gumm's weakened credibility, her information is sufficient to support a finding of probable cause, because it is corroborated in detail by the information from the other informants. We are not prepared to so hold, as a matter of law, upon this record.
The information from Margaret Edwards was stale, having been over four years old. This information, besides corroborating the essential allegation — that Stropkaj's escort service provided sex for hire — furnished no details of that operation beyond the fact that Stropkaj "kept notes and ledgers of the phone calls and client lists," hardly remarkable for the proprietor of an escort service, or any other service-oriented business.
Similarly, the information from the confidential source provided no details of the illegal aspect of Stropkaj's activities. This confidential informant provided more details concerning how the escort service was run, but the only detail matching up with information provided by Gumm was the way that the escorts and the drivers were contacted through pagers. This would tend to indicate that both the confidential informant and Gumm had been employees of Stropkaj's escort service, and knew how it was run. Much more compelling, of course, would have been some corroboration, as between the confidential informant and Gumm, of the manner in which the illegal activity was conducted. However, there is nothing in the affidavit reflecting corroboration, as between the confidential informant and Gumm, of the manner of conducting the illegal activity.
The confidential informant did, in fact, provide some information concerning the manner in which the illegal activity — prostitution — was conducted. The confidential informant indicated that Stropkaj informed her female employees what undercover police officers would not be able to do and instructed them how to get the most money for their sexual acts. The confidential informant also indicated that the prostitute was to advise the client that an agency fee of $50.00 was required "up front," and that the more the client tips, the more the prostitute can do.
These details concerning the alleged illegal activities of Stropkaj's escort service are not reflected in Gumm's information. Although there is nothing in Gumm's information that is inconsistent with these details, she provided different details. These consisted of the way that a credit card could be used to pay for the services of the prostitute, and Stropkaj's furnishing of a particular brand of condoms for the prostitutes to use.
Because the overlapping details provided by the confidential informant and Gumm were not concerned with the illegal activity — prostitution — allegedly performed by Stropkaj's escort service, we cannot say that these corroborating details rendered immaterial the omitted facts bearing upon the credibility of these informants. We are specifically not prepared to hold that the information in the affidavits, when the omitted facts are included, compel a conclusion, as a matter of law, that there was probable cause for the search.
We conclude that the omitted facts bearing upon the credibility of Gumm and the confidential informant were material, and should have been included in the affidavit. We further conclude that the trial court erred by failing to decide whether the omission of these facts was intended to mislead the magistrate, or was made with reckless disregard of their omission's tendency to mislead the magistrate. On remand, the trial court should make this determination. If the trial court should determine that either or both omissions were made intentionally, or with reckless disregard of their tendency to mislead the magistrate, then the trial court should make the further determination whether the affidavit would nevertheless support a finding of probable cause if the wrongfully omitted fact or facts are included. To that extent, Stropkaj's First Assignment of Error is sustained.
Parenthetically, we note that the existence of this opinion will have an impact upon cases involving the omission of facts bearing upon the credibility of informants from affidavits in support of search warrants after the filing and dissemination of this opinion. In other words, whatever the outcome of the factual issue that we are remanding to the trial court in the case before us, it will be more difficult, in future cases, to establish that the omission of similar information is merely negligent, and is not done intentionally to mislead the magistrate, or with reckless disregard of the tendency to mislead the magistrate. We commend to police officers, at least in the jurisdiction of this court, the practice of bringing to the attention of magistrates all information bearing upon the credibility of their sources of information that can be safely disclosed without comprising the identity of confidential informants. That is information that a magistrate should have in making a probable cause determination.
 III
Stropkaj's Second Assignment of Error is as follows:
 THE AFFIDAVITS AND RESULTING SEARCH WARRANTS IN THIS CASE WERE SO LACKING IN PROBABLE CAUSE THAT EXECUTING OFFICERS CANNOT CLAIM A GOOD FAITH RELIANCE THEREON.
In this assignment of error, Stropkaj responds to the State's argument that even if the search warrants were not issued upon probable cause, the evidence obtained as a result should not be excluded, because the police officers relied, in good faith, upon the warrants. United States v. Leon (1984), 468 U.S. 897, 104 S.Ct. 3405, 92 L.Ed.2d 677. However, the court in Leon noted an exception to the good-faith exception from the exclusionary rule:
 Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.
Id., at 923.
Since misleading omissions are to be counted as false statements, as long as they are designed to mislead, or are made in reckless disregard of whether they would mislead, the magistrate, it follows that police officers may not be deemed to have relied, in good faith, upon a search warrant if they have made omissions of fact with the intention of misleading the magistrate, or in reckless disregard of whether those omissions would mislead the magistrate. See, State v. Waddy, supra, at 441.
The point is, of course, that the Leon good-faith exception to the exclusionary rule requires good faith on the part of the police officers, and when the police officers have either deliberately omitted material facts in seeking the warrant, or have omitted facts in reckless disregard of the tendency of those omissions to mislead the magistrate, the officers cannot be said to have relied upon the search warrant in good faith. To that extent, then, the Second Assignment of Error is sustained.
To the extent that Stropkaj argues, in her Second Assignment of Error, that the affidavit, on its face, was so lacking in probable cause that the police officer executing the search warrant could not be deemed to have relied upon it in good faith, this assignment of error is overruled. On its face, the affidavit is probably sufficient to support the search warrants, especially when appropriate deference is given to the magistrate's determination of probable cause. State v. George (1989), 45 Ohio St.3d 325, 2nd paragraph of syllabus. In no event could we say that the affidavit in the case before us, on its face, is so utterly lacking in facts to support a finding of probable cause that the police officers executing the warrant could not be deemed to have relied upon it in good faith.
Stropkaj's Second Assignment of Error is sustained in part, and overruled in part.
 IV
Stropkaj's First Assignment of Error having been sustained, and her Second Assignment of Error having been sustained in part and overruled in part, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN and YOUNG, JJ., concur.