OPINION
{¶ 1} Defendant-appellant, Alan J. Butts ("appellant"), appeals from the denial of his motion for resentencing hearing and for correction of an erroneous sentence by the Franklin County Court of Common Pleas. For the following reasons, we affirm that denial.
 {¶ 2} On March 11, 2003, a jury found appellant guilty on one count of murder, one count of involuntary manslaughter, one count of felonious assault, and two counts of endangering children. The charges against appellant arose from the death of his former girlfriend's two-year-old son.
 {¶ 3} On May 16, 2003, the trial court sentenced appellant to 15 years to life on the murder charge (the court having found that the involuntary manslaughter count merged with the murder count), six years on the felonious assault charge, six years on one count of endangering children, and four years on the second count of endangering. The court ordered appellant to serve these sentences concurrently.
 {¶ 4} Appellant appealed his conviction to this court. InState v. Butts, Franklin App. No. 03AP-495, 2004-Ohio-1136, this court affirmed the conviction. Specifically, the court overruled appellant's assignments of error, which asserted that the conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. On August 4, 2004, the Ohio Supreme Court declined jurisdiction.
 {¶ 5} On November 1, 2004, appellant filed in this court an application for reopening pursuant to App.R. 26(B). As grounds for his application, appellant argued that his appellate counsel was ineffective for failing to raise a claim that the jury should have been instructed that he could only be found guilty of murder or manslaughter, not both. This court denied his application, finding that the court properly instructed on both counts and properly convicted and sentenced appellant on only one count, murder. State v. Butts (Dec. 21, 2004), Franklin App. No. 03AP-495 (Memorandum Decision). Specifically, the court found, at ¶ 7-9:
R.C. 2941.25 provides that, where the same conduct may be construed to constitute allied offenses of similar import, the indictment may contain counts for all offenses but the defendant may be convicted of only one; "[h]owever, R.C. 2941.25 has not been interpreted to mean that a person cannot be indicted or charged, tried, and found guilty of multiple offenses, even when they are allied offenses." State v. Darga (1985),30 Ohio App.3d 54, 56. The court further stated in Darga that conviction in this context means a judgment of conviction.
In State v. Henderson (1979), 58 Ohio St.2d 171, the court defined conviction as the combined occurrence of a plea or verdict and/or finding of guilty, and the sentence imposed. In this case, there was more than one finding of guilt, but there was only one conviction involving the imposition of a sentence within the meaning of Darga and Henderson.
Further, even if the trial court had given the instructions appellant contends it should have, appellant could have been, and was, found guilty and sentenced on the murder charge. To receive a shorter sentence, the jury would have had to find appellant not guilty of murder and guilty of involuntary manslaughter. Since the jury found appellant guilty of both, and the record supports a guilty finding of murder, the prosecutor may elect which offense to pursue. See R.C. 2941.25; Maumee v. Geiger (1976),45 Ohio St.2d 238. Appellant's argument is not well-taken.
 {¶ 6} On March 17, 2005, appellant filed in the trial court a "Motion for Resentencing Hearing and for Correction of an Erroneous Sentence." In it, appellant repeated his claims that the trial court did not instruct the jury properly and that the court should have sentenced him only on the involuntary manslaughter charge. The court treated appellant's motion as a petition for post-conviction relief and denied the motion without an evidentiary hearing. In denying appellant's motion, the court found that the petition was untimely under R.C. 2953.21(A)(2), and, even if it were timely, the doctrine of res judicata barred his claims because he could have brought them on direct appeal.
 {¶ 7} Appellant filed this appeal and raises the following assignments of error:
 First Assignment Of Error
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT CONSTRUED HIS "MOTION FOR RESENTENCING HEARING AND FOR CORRECTION OF AN ERRONEOUS SENTENCE" AS A POST-CONVICTION PETITION.
 Second Assignment Of Error
THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT'S "MOTION FOR RESENTENCING HEARING AND FOR CORRECTION OF AN ERRONEOUS SENTENCE" WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
 Third Assignment Of Error
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY RULING THAT THE SENTENCE IMPOSED UPON HIM WAS LEGAL UNDER EXISTING CASE AUTHORITY.
 {¶ 8} In his first assignment of error, appellant asserts that it was improper for the court to interpret his motion as a petition for post-conviction relief. We disagree.
 {¶ 9} Neither the rules of civil procedure nor the laws of Ohio recognize a "motion for resentencing hearing and for correction of an erroneous sentence." Nevertheless, a court must categorize such an irregular motion "in order for the court to know the criteria by which the motion should be judged." Statev. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10. A motion to correct a sentence falls within the definition of a petition for post-conviction relief under R.C. 2953.21(A)(1), where "it is a motion that (1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." State v. Reynolds (1997),79 Ohio St.3d 158, 160.
 {¶ 10} Here, appellant filed his motion after his direct appeal. Appellant claimed a denial of his constitutional rights, i.e., his rights under the Fifth and Fourteenth Amendments. He sought to void the judgment. And he asked the court to correct his sentence by vacating his sentence for murder and imposing a sentence for manslaughter. Thus, the court properly characterized his motion as a petition for post-conviction relief. Therefore, we overrule appellant's first assignment of error.
 {¶ 11} In his second assignment of error, appellant asserts that the trial court erred when it ruled that the doctrine of res judicata barred his motion. We disagree.
 {¶ 12} The R.C. 2953.21 post-conviction relief process is a collateral civil attack on a criminal judgment. State v.Calhoun (1999), 86 Ohio St.3d 279, 281. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233.
 {¶ 13} When someone files an R.C. 2953.21 petition, the trial court must grant an evidentiary hearing unless it determines that the files and records of the case show that the petitioner is not entitled to relief. R.C. 2953.21(E). A trial court may also dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. State v. Szefcyk (1996), 77 Ohio St.3d 93. "Res judicata is applicable in all postconviction relief proceedings." Id. at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Id.; Reynolds at 161.
 {¶ 14} We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing. State v. Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, citing Calhoun at 284. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} Here, appellant presented neither evidence nor arguments that he could not have, or has not, raised before. Appellant even admits as much in his briefing before this court, as he states: "Appellant maintains that even though some aspects of his pleading could have, and to some degree were brought up in his Application For Reopening, this Court circumvented Appellant's claim to proportion as to cause that proceeding to be meaningless." In other words, appellant does not agree with this court's resolution of his claims. Nevertheless, we find that appellant could have raised these arguments on direct appeal, and appellant did raise these arguments in his application for reopening. Therefore, the trial court properly held that the doctrine of res judicata barred appellant's motion, and we overrule appellant's second assignment of error.
 {¶ 16} In his third assignment of error, appellant asserts that the trial court erred when it ruled that the sentence imposed upon him was legal under existing case authority. In essence, appellant argues that, because the jury could not have found that he had the required mental state for both murder and involuntary manslaughter, the trial court sentenced appellant based on its own findings, in violation of Blakely v.Washington (2004), 542 U.S. 296, and Apprendi v. New Jersey
(2000), 530 U.S. 466. We find, however, that appellant's arguments are nothing more than a reiteration of the arguments made in his application for reopening, arguments he could have made on direct appeal. More importantly, as we concluded in our decision concerning his application for reopening, the trial court properly instructed the jury on both murder and involuntary manslaughter and properly convicted appellant of murder. Because the doctrine of res judicata bars these claims, and because appellant's claims have no merit, we overrule appellant's third assignment of error.
 {¶ 17} Finally, we affirm the trial court's finding that appellant's motion was untimely. Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 180 days after the trial transcript is filed in the court of appeals in the direct appeal from the conviction. As the trial court concluded, appellant filed his motion more than one year after the time for filing a petition had expired. Therefore, for this additional and overriding reason, the trial court's dismissal of appellant's motion was proper.
 {¶ 18} Having overruled appellant's first, second, and third assignments of error, and having concluded that appellant's petition was untimely, we affirm the decision of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Sadler, JJ., concur.